# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DEANGELA L. MCLIMORE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 4:20-CV-00631-NAB |
| ANDREW M. SAUL,<br>Commissioner of the Social Security Administration, | ) ) ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

This case is before the court on Commissioner Andrew M. Saul's ("the Commissioner's") Motion to Reverse and Remand the case to the Commissioner for further administrative action pursuant to sentence four of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g). [Doc. 24.] Plaintiff has filed a response stating that she has no objection to the motion. [Doc. 28.] Having fully considered the arguments set forth by the Commissioner, the court grants the Motion to Reverse and Remand.

On May 11, 2020, Plaintiff filed a complaint seeking review of the Commissioner's decision that Plaintiff was not under a disability within the meaning of the Social Security Act. [Doc. 1.] The Commissioner filed his answer and a certified administrative transcript on October 23, 2020. [Docs. 13, 14.] Plaintiff filed a brief in support of her complaint on February 23, 2021. [Doc. 22.]

On May 21, 2021, the Commissioner filed the instant motion to reverse and remand the case to the Commissioner for further action under sentence four of section 205(g) of the Social Security Act, which permits the court "to enter, upon the pleadings and transcript of the record, a

judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The Commissioner represents in his motion that upon review of the record, the administrative law judge's ("the ALJ's") findings did not include discussion of at least one impairment alleged by Plaintiff, and that remand is necessary to allow the ALJ to further evaluate Plaintiff's severe medically determinable impairments and whether she is able to perform any of her past relevant work. The Commissioner states that "[o]n remand the ALJ will be instructed to consider whether Plaintiff has a severe medically determinable back impairment and provide rationale with specific references to the evidence of the record in support thereof" and "to obtain additional vocational evidence regarding the social requirements of Plaintiff's past relevant work and give further consideration to whether she is able to perform any past work, in accordance with 20 C.F.R. §§ 404.1520(f), 404.1560(b), 416.920(f), 416.960(b), and SSR 82-62." [Doc. 24 at 2.]

Upon review of Plaintiff's brief in support of the complaint, the ALJ's decision, and the Commissioner's motion, the court agrees with the parties that this case should be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g).

Accordingly,

**IT IS HEREBY ORDERED** that the Commissioner's Motion to Reverse and Remand [Doc. 24] is **GRANTED**.

**IT IS FURTHER ORDERED** that a Judgment of Reversal and Remand will issue contemporaneously herewith remanding this case to the Commissioner of Social Security for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

**IT IS FURTHER ORDERED** that upon entry of the Judgment, the appeal period will begin which determines the thirty day period in which a timely application for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412, may be filed.

NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE

Dated this 2nd day of June, 2021.